**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

=====================================

CHANA BANDMAN individually and
on behalf of all others similarly situated


                    Plaintiff,


         -against-


UNITED COLLECTION BUREAU, INC.


                    Defendant.


=====================================

### CLASS ACTION COMPLAINT

### *I. Introduction*

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1.      Plaintiff Chana Bandman brings this action to secure redress from unlawful collection practices engaged in by Defendant United Collection Bureau, Inc.

2.      Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

3.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II.    Parties

4.    Plaintiff is a citizen of the State of New York who resides within this District.

5.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

6.    Upon information and belief, Defendant's principal place of business is located in Toledo, Ohio.

7.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III.    Jurisdiction and Venue

9.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV.    Allegations

11.    On or about March 2, 2016, United Collection Bureau, Inc. sent a collection letter to the Plaintiff Chana Bandman. (see attached exhibit)

12.    The said letter was an effort to collect on a consumer debt.

13.    The said collection letter was confusing to the Plaintiff and is likely to be

misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.

14.    The Second Circuit stated in Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 74 (2d Cir. 2016)

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance may increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

15.    The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance may increase due to interest and fees".

16.    However if the "Current Account Balance" will never increase and the holder of the debt will always accept payment of the amount set forth in full satisfaction of the debt then the Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

17.    The Second Circuit in Avila did not "hold that a debt collector must use any particular disclaimer" Id.

18.    However the Second Circuit did address all the possible scenarios: 1) If the "current balance" could increase over time, then the collection notice must disclose that the "balance might increase due to interest and fees". Id. 2) If the "current balance"

is currently increasing, then the collection notice must disclose that the amount of the debt stated, "in the letter will increase over time". *Id.* 3) If the "current balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt collector is willing to accept a "specified amount" in full satisfaction of the debt only if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due could increase by the accrual of additional interest or fees if payment is not received by that date.

19.     In this case, the "Current Account Balance" was increasing due to interest per the creditor's contract.  Nevertheless, the collection notice did not disclose that the amount of the debt stated in the letter "could" or "will" increase over time.

20.     The Plaintiff, as well as the "least sophisticated consumer" was unsure as to whether or not the said account was accruing interest.

21.     The "Current Account Balance" in this case was for an amount that included original principal, fees, and contractual interest.

22.     The Plaintiff was left uncertain as to whether the "Current Account Balance" was accruing interest as there was no disclosure that indicated otherwise.

23.     The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to

consumers that is embodied in Section 1692e.

24.    The amount of the contractual interest automatically increases each day that the defaulted debt remains unpaid due to the automatically accrued interest.

25.    Collection notices that state only the "Current Account Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

26.    The Citibank account was being collected by United Recovery Systems, prior to Defendant United Collection Bureau, Inc.'s taking over of the said account.

27.    United Recovery Systems had sent a letter to Plaintiff, on November 25, 2015 regarding the Citibank account.

28.    The balance stated in the said November 25th letter from United Recovery Systems was $1,582.95, and in addition to that balance, interest was accruing daily as apparent from the Defendant's March 2, 2016 letter, which reflected an increase in the balance to an amount of $1,722.42.

29.    A reasonable consumer could be misled into believing that he could pay his debt in full by paying the amount as listed in the March 2, 2016 notice.

30.    In fact, however, since as shown by the difference in the amount between the November 25th letter and the new increased amount in the March 2, 2016 letter, which reflects that interest was accruing daily, a consumer who pays the "Current Account Balance" as stated in the letter be left unaware as to whether or not the debt has been paid in full.

31.    The debt collector could still seek the interest and fees that had accumulated after the notice was sent, but before the balance was paid, or sell the

consumer's debt to a third party, who itself could seek the post-charge-off interest and fees from the consumer.[1]

32.    Where a debt collector mails a debtor various different letters which show that interest is accruing daily, yet the debt collector "is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date [it must] simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date."[2]  However, if the debt collector intended on waiving the interest accruing it must clearly state that the interest is being waived.

33.    The said collection letters at issue were increasing daily due to interest, but the March 2, 2016 notice specifically, failed to disclose that the balance would continue to increase due to interest and fees, or in the alternative, the Defendant's March 2, 2016 letter did not disclose that the balance was actually not increasing due to the interest being waived.

34.    In any event, the Defendant's said March 2, 2016 letter was misleading and confusing within the meaning of Section 1692e of the FDCPA.

Absent a disclosure by the holder of the debt that the interest accruing since the previous letter is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer.[3]

35.    Waiver of interest even when it has been made explicitly has not

---

[1] See *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)
[2] id.
[3] *Avila*, at *10-11

prevented debt-collectors from continuing to illegally charge the waived interest.

36.    At the bare minimum, a debt collector must make clear even to the unsophisticated consumer that it intends to waive the accruing post-charge-off interest.

37.    A debt collector must disclose, that the balance due may change over time.

38.    To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

39.    If the "Current Account Balance," will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will <u>always</u> accept payment of the amount set forth in "full satisfaction" of the debt.

40.    Defendant was required to include a disclosure that the automatically accrued interest <u>was</u> accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest and will always accept this "specified amount" in "full satisfaction" of the debt nonetheless it did not make any of those disclosures in violation of 1692e.

41.    If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

42.    The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers

such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."[4]

43.    Because the statement of the "Current Account Balance" that included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly state that the holder of the debt will always accept payment of the amount set forth in full satisfaction of the debt.  Id. at 817.

44.    Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

45.    According to the Second Circuit's finding that the "Current Account Balance" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is.  "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing

---

[4] <u>Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)</u>

or unwaived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer."[5]

46.     The 8th Circuit in *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

47.     In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract.  The consumer could not know what the real balance is.

48.     The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts.[6]  A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.[7]

49.     Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.   The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

50.     According to the Second Circuit in *Avila*, any debt that <u>was</u> accruing interest and fees would need full and complete disclosure which would either clearly

---

[5] *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

[6] *Navillus Tile, Inc. v. Turner Const. Co.*, 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003)

[7] *Acumen Re Management Corp. v. General Sec. Nat. Ins. Co.*, 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

state that the balance "may" or "will" increase over time or clearly state that the debt is "static" and holder of the debt will always accept payment of the amount set forth in "full satisfaction" of the debt.

51.    The "Current Account Balance" is for an amount that includes original principal, fees, and contractual interest.

52.    Since interest was accruing on this debt the collection notice must inform the consumer that the amount of the debt stated in the letter may increase over time.

53.    Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

54.    "None of the letters provided further detail regarding when or how the balance had been calculated, whether it included interest, or whether interest continued to accrue. The court finds that the "least sophisticated consumer" could have read these letters in at least two different ways. *On one hand*, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges. *On the other*, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. *One of those meanings would necessarily be inaccurate*. Therefore, the court finds that Defendants' letters were deceptive as a matter of law. Courts in other districts have reached the same conclusion on similar facts. The court grants Ms. Snyder's motion for summary judgment on this issue." *Snyder v. Gordon,* No. C11-1379 RAJ, 2012 U.S. Dist. LEXIS 120659, at *8-9 (W.D. Wash. Aug. 24, 2012); *Avila v. Riexinger & Assocs., LLC*, 817

F.3d 72, 75 (2d Cir. 2016) ("[I]n considering whether a collection notice violates Section 1692e, we apply the "least sophisticated consumer" standard...**Under this standard, a collection notice is misleading if it is "open to more than one reasonable interpretation, at least one of which is inaccurate.**")

55.     "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest." *Michalek v. ARS Nat'l Sys.*, No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011).

56.     The Plaintiff and the least sophisticated consumer could conclude from the said collection letter, that the "Current Account Balance" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.  However, absent a disclosure by the holder of the debt that clearly stated that the holder of the debt would accept payment of the amount set forth in "full satisfaction" of the debt then even if the debtor pays the "Current Account Balance" the

Defendant and or the creditor *could* still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer.  (*Avila*, at *10-11.)

57.    The said letter merely identified the "Current Account Balance," yet failed to disclose that the balance may increase due to interest and fees.

58.    The Plaintiff was left uncertain as to whether the "Current Account Balance" was accruing interest as there was no disclosure that indicated otherwise.

59.    A reasonable consumer could read the notice and be misled into believing that he or she could always pay his or her debt in full by paying the amount listed on the notice.

60.    In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "Current Account Balance" stated on the notice will not know whether the debt has been paid in full.

61.    The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

62.    The statement of an "Current Account Balance" without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

63.    The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who

may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

64.    Collection notices that state only the "Current Account Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

65.    The Plaintiff and the least sophisticated consumer would be led to believe that the "Current Account Balance" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

66.    A consumer who pays the "Current Account Balance" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

67.    The Plaintiff alleges and avers that Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

68.    A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

69.    15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt

to collect any debt or to obtain information concerning a consumer.

70.    The said letter is a standardized form letter.

71.    On information and belief, the Defendant's collection letters, such as the said March 2, 2016 collection letter, number in the hundreds.

72.    The Plaintiff alleges and avers that Defendant's March 2, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

73.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

74.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

75.    The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

76.    The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

77.    The Plaintiff alleges and avers that the Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

78.    The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

79.    The FDCPA ensures that consumers are fully and truthfully apprised of

the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of hers right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

80.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

81.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V.     Class Allegations

82.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

83.     The identities of all class members are readily ascertainable from the records of United Collection Bureau, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

84.     Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of United Collection Bureau, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

85.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

86.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

87.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

88.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

89.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims,

violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

90.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

91.    Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

92.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VI.    First Cause of Action

93.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94.    This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

> a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

b) the collection letter was sent to a consumer seeking payment of a personal debt;

c) the collection letter was not returned by the postal service as undelivered;

d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### VII.    Violations of the Fair Debt Collection Practices Act

95.    The Defendant's actions as set forth above in the within complaint violates the FDCPA.

96.    Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

97.    As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### VIII.    Jury Demand

98.    Plaintiff demands a trial by jury.

### IX.    Prayer for Relief

99.    Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1)  Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2)  Attorney fees, litigation expenses and costs of suit;

3)  An order enjoining and directing Defendant to comply with the FDCPA

    in its debt collection activities; and

4)  Such other and further relief as the Court deems proper.

Dated:Brooklyn, New York
   March 2, 2017


/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

UNITED COLLECTION BUREAU, INC.                                  March 2, 2016                    Continuation from Page 1
5620 SOUTHWYCK BLVD SUITE 206
TOLEDO OH 43614                                                            1-800-890-8548

CHANA BANDMAN
1217 E 36TH ST
BROOKLYN NY 11210-5431

Creditor:                                                        CITIBANK, N.A.
Regarding:                                                       SEARS GOLD MASTERCARD
Last Four Digits of Creditor Account Number:                     XXXXXXXXXXXX3300
United Collection Bureau, Inc. Reference Number:     Redacted 52
Current Account Balance:                                          $1722.42

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

Please contact the undersigned with respect to any questions or concerns you may have.

Sincerely,
Brian Macionsky
United Collection Bureau, Inc.

Business Hours:   8:00 a.m. – 9:00 p.m. ET Monday – Thursday
                  8:00 a.m. – 8:00 p.m. ET Friday

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

---

SEE REVERSE SIDE FOR IMPORTANT INFORMATION                                76CU027000CDNNY

**PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.**
**PLEASE MAKE YOUR PAYMENT PAYABLE TO CITIBANK**

PO BOX 140310
TOLEDO OH 43614

ADDRESS SERVICE REQUESTED

| | |
|---|---|
| Creditor: | CITIBANK, N.A. |
| Regarding: | SEARS GOLD MASTERCARD |
| Last Four Digits of Creditor Acct. Number: | XXXXXXXXXXXX3300 |
| Current Account Balance: | $1722.42 |
| United Collection Bureau, Inc. Reference No: | Redacted 52 |
| United Collection Bureau, Inc. Telephone No: | 1-800-890-8548 |

March 2, 2016

REMIT TO:

United Collection Bureau, Inc.
PO BOX 140310
TOLEDO OH 43614

CHANA BANDMAN
1217 E 36TH ST
BROOKLYN NY 11210-5431

73041803



5800 NORTH COURSE DRIVE
HOUSTON TX  77072

November 25, 2015

ADDRESS SERVICE REQUESTED

Chana Bandman
1217 E 36TH ST
BROOKLYN NY 11210-5431

**UNITED RECOVERY SYSTEMS** LP
WWW.URSI.COM

Date: November 25, 2015
Creditor:  Citibank, N.A.
                    SEARS GOLD MASTERCARD
Account:  XXXXXXXXXXXX3300
URS ID: [Redacted]
Amount Due as of:  November 25, 2015  $1,582.95
Telephone:  800-347-5035, ext 3777
Partial Account Number for Your Security

United Recovery Systems, LP
PO BOX 722910
HOUSTON TX  77272-2910

*Please detach at perforation and return with your payment.*

### SETTLEMENT OFFER!!!

We have been attempting to contact you with regard to the above referenced account. Our client, the above named creditor, has agreed to accept $1,108.07 as a settlement in full for monies owing on your account. Payment must be received by this office within ten (10) business days of the postmark of this letter. Please make your payment payable to Citibank, N.A..

If you are unable to take advantage of this settlement offer, our client has asked us to negotiate with you to resolve this debt. We would like to arrange repayment terms with you -- based on your individual circumstances.

Please call our toll-free telephone number to confirm your interest in this settlement offer or to explain your circumstances. We WILL work with you. You can call JOSHUA DEES at our toll-free number at 800-347-5035, extensión 3777. We look forward to helping you resolve this account.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,

JOSHUA DEES, ext 3777
United Recovery Systems, LP
P.O. Box 722910
HOUSTON TX  77272-2910

Creditor: Citibank, N.A.
                  SEARS GOLD MASTERCARD
Account:  XXXXXXXXXXXX3300
URS ID: [Redacted]
Amount Due as of:  November 25, 2015  $1,582.95
Telephone: 800-347-5035, ext 3777
Partial Account Number for Your Security

Office Hours (all times Central)
Monday-Thursday: 8 AM to 9 PM • Friday: 8 AM to 4 PM • Saturday: 7 AM to 11 AM
NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 1304511,
1304544, 1304538.

¡Traducción en español al lado reverso!

URS07870-1125-667217440-00625-625

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

If the subject debt of this letter is time-barred, paying any amount on the account may revive the obligation to pay.

**CALIFORNIA**: As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described in the notice on the front of this letter.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**COLORADO**: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Payments can be made in person at: Colorado Manager, Inc., Building B, 80 Garden Center, Suite 3, Broomfield, Colorado 80020, 303-920-4763.

**IDAHO**: Toll Free 800-866-6228.

**KANSAS**: An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**MAINE**: Hours of operation (ET): Monday through Thursday, 8:00 a.m. to 8:00 p.m.; Friday 8:00 a.m. to 5:00 p.m.; Saturday 8:00 a.m. to 12:00 p.m.

**MASSACHUSETTS: **NOTICE OF IMPORTANT RIGHTS**** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector. Hours of operation (ET): Monday through Thursday, 8:00 a.m. to 8:00 p.m.; Friday 8:00 a.m. to 5:00 p.m.; Saturday 8:00 a.m. to 12:00 p.m.

**MINNESOTA**: This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK CITY**: New York City Department of Consumer Affairs License Number 1004887.

**NORTH CAROLINA**: North Carolina Permit Numbers: 101866, 3843, 4022 and 4367.

**TENNESSEE**: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**UTAH**: As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described in the notice on the front of this letter.

**WISCONSIN**: This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

UCBV9 02.04.16

Federal and State law prohibit certain methods of debt collection and require that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action. If you have a concern about the way we are collecting this debt, please call our toll-free Consumer Service Hotline 1-866-209-0622, email us at UCBCompliance@ucbinc.com, or mail us at United Collection Bureau, Inc., Compliance Department, 5620 Southwyck Blvd, Ste. 206, Toledo, OH 43614. Please include your account number on all communication. If you have a complaint about the way we are collecting this debt, please contact the Ohio Attorney General's Office online at www.ohioattorneygeneral.gov; by phone at 1-800-282-0515 between the hours of 8:00 a.m. to 7:00 p.m. ET Monday through Friday; or by mail at 30 E. Broad St., 14th Floor, Columbus, Ohio 43215.